IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| **AFFORDABLE CARE, LLC** | **PLAINTIFF/COUNTER-DEFENDANT** |
| **v.** | **Civil No. 1:19cv827-HSO-JCG** |
| **JNM OFFICE PROPERTY, LLC** | **DEFENDANT/COUNTER-PLAINITFF** |

*consolidated with*

| | |
|---|---|
| **JOHN NEIL McINTYRE** *and* | |
| **RAELINE K. McINTYRE** | **PLAINTIFFS** |
| **v.** | **Civil No. 1:20cv96-HSO-JCG** |
| **AFFORDABLE CARE, LLC**, *et al.* | **DEFENDANTS** |

## MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF/COUNTER-DEFENDANT AFFORDABLE CARE, LLC'S MOTION [16] TO PARTIALLY DISMISS DEFENDANT/COUNTER-PLAINTIFF JNM OFFICE PROPERTY, LLC'S COUNTERCLAIM

BEFORE THE COURT is Plaintiff/Counter-Defendant Affordable Care, LLC's Motion [16] to Partially Dismiss Defendant/Counter-Plaintiff JNM Office Property, LLC's Counterclaim.   Affordable Care, LLC seeks partial dismissal of JNM Office Property, LLC's counterclaim, specifically its claims for punitive damages and accelerated rent payment.   Based upon its review of the record and relevant legal authority, the Court is of the opinion that Affordable Care, LLC's Motion [16] should be granted in part as to JNM Office Property, LLC's claim for punitive damages, and denied in part as to JNM Office Property, LLC's claim for accelerated rent payment.

# I. BACKGROUND

A.    Factual Allegations

According to JNM Office Property, LLC's ("JNM Property") Answer and Counterclaim [14] and attached exhibit, JNM Property and Affordable Care, LLC ("Affordable Care") entered into a lease agreement on July 24, 2013, by which JNM Property leased an office building in Gulfport, Mississippi, to Affordable Care for the operation of a dental office and laboratory.   Answer to Am. Compl. [14] at 8; Def. Ex. A [14-1].   Under the terms of the agreement, rent owed by Affordable Care was subject to an adjustment at the beginning of the sixth year of the lease. Answer to Am. Compl. [14] at 8.   JNM Property alleges that Affordable Care defaulted under the agreement when it failed to pay the adjusted rent at the beginning of the sixth year, despite notice from JNM Property.   *Id.*   As a penalty for this default, the agreement purportedly gives JNM Property the right to terminate the lease and demand an accelerated payment of all rent installments due under the remaining term of the lease.   *Id.* at 9.

B.    Procedural History

On November 1, 2019, Affordable Care filed suit in this Court against JNM Property seeking a declaratory judgment that Affordable Care had not defaulted on the lease agreement and that the agreement remains in full force between the parties, and further asking the Court to determine the amount of any overpayments Affordable Care made to JNM Property.   Compl. [1] at 5.   Affordable Care amended its Complaint on December 2, 2019, to include additional claims for the

return of rent and expense overpayments it allegedly made to JNM Property.   Am. Compl. [11] at 9.

In its Answer [14] to Affordable Care's Amended Complaint, JNM Property asserts two counterclaims.   Answer to Am. Compl. [14] at 9-11.   The first is a claim for breach of contract (Count I) against Affordable Care based upon its alleged failure to pay the adjusted rent amount under the lease agreement.   Answer to Am. Compl. [14] at 9.   Count I contends that JNM Property is entitled to accelerate all rent payments owed by Affordable Care for the remaining duration of the lease and seeks damages in the amount of $1,800,000.00.   *Id.* at 11.   JNM Property also advances a claim for a breach of the covenant of good faith and fair dealing (Count II), asserting that Affordable Care has "intentionally and/or recklessly, with wanton and willful disregard for the rights of JNM [Property], breached its covenant of good faith and fair dealing . . . ."   *Id.*   JNM Property believes that it is entitled to punitive damages as a result of this breach.   *Id.*

On December 23, 2019, Affordable Care filed the instant Motion [16] to Dismiss JNM Property's claims for accelerated rent payment and punitive damages under Federal Rule of Civil Procedure 12(b)(6).   Affordable Care argues that JNM Property's counterclaim does not set forth factual allegations sufficient to support an award of punitive damages under Mississippi state law.   Pl.'s Mem. [18] at 7-8. Further, Affordable Care contends that JNM Property's claim for accelerated rent payments "constitutes an unreasonably large liquid[ated] damages clause and is void as a penalty" under Mississippi law.   *Id.* at 9.

JNM Property responds that it has alleged enough factual detail in its counterclaim to support an award for punitive damages, Def. Mem. [26] at 4-5, and that acceleration clauses are enforceable under Mississippi law such that its claim for accelerated rent payments should be allowed to proceed, *id.* at 6.   Affordable Care attempted to file an out-of-time reply, but because it did not seek leave of Court to do so, its Reply [60] was stricken from the record and will not be considered.   *See* Text Order, March 24, 2020.

## II. DISCUSSION

A.   Federal Rule of Civil Procedure 12(b)(6)

When presented with a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court "must assess whether the complaint contains sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face . . . ."   *Spitzberg v. Houston Am. Energy Corp.,* 758 F.3d 676, 683 (5th Cir. 2014) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).   While a complaint does not need detailed factual allegations, it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."   *Twombly*, 550 U.S. at 555.   A court must accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff, here the Counter-Plaintiff JNM Property.   *Varela v. Gonzales,* 773 F.3d 704, 707 (5th Cir. 2014) (citation omitted).

B.   JNM Property's claim for punitive damages

Affordable Care's Motion [16] first seeks to dismiss JNM Property's counterclaim for punitive damages.   Under Mississippi law, a plaintiff may only recover punitive damages where he proves "by clear and convincing evidence that the defendant against whom punitive damages are sought acted with actual malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, or committed actual fraud."   Miss. Code § 11-1-65(1)(a).   Punitive damages are recoverable in a breach of contract action where the breach is "attended by intentional wrong, insult, abuse, or such gross negligence as amounts to an independent tort."   *Polk v. Sexton*, 613 So. 2d 841, 846 (Miss. 1993) (internal quotations omitted).   As such, "simple negligence is not of itself evidence sufficient to support punitive damages . . . ."   *Choctaw Maid Farms, Inc. v. Hailey*, 822 So. 2d 911, 924 (Miss. 2002).

Here, JNM Property's counterclaim does not contain sufficient factual allegations to support a claim for punitive damages.   Viewing the pleaded facts in the light most favorable to JNM Property, it alleges merely that Affordable Care breached the parties' lease by failing to make an increased rent payment despite JNM Property's notice to do so.   Answer to Am. Compl. [14] at 8-9.   According to JNM Property, these facts support its claim that Affordable Care acted "intentionally and/or recklessly, with wanton and willful disregard for the rights of JNM [Property]" when it breached the parties' lease.   *Id.* at 11.   However, even if JNM Property's allegations are true, such conduct does not rise to the level of actual

5

malice, gross negligence, or actual fraud required under Mississippi law to support an award of punitive damages.   *See, e.g., Polk*, 613 So. 2d at 845 (awarding punitive damages to tenant where landlord willfully breached the lease's option to buy after discovering that property was worth more than he thought).   Further, JNM Property's counterclaim contains merely a "formulaic recitation" of the elements of a punitive damages claim.   *See* Answer to Am. Compl. [14] at 11 ("Affordable care has intentionally and/or recklessly, with wanton and willful disregard for the rights of JNM [Property], breached its covenant of good faith and fair dealing . . . ."").   This does not comport with the pleading standard under *Twombly*.   550 U.S. at 555.   Affordable Care's motion to dismiss JNM Property's punitive damages claim should be granted.

C.   JNM Property's claim for accelerated rent payment

Affordable Care also seeks dismissal of JNM Property's claim for accelerated payment of the remaining rent allegedly owed under the parties' lease, asserting that this provision of the lease is void as a penalty under Mississippi law.   Pl.'s Mem. [18] at 9.   The Mississippi Supreme Court has long held that contractual parties may stipulate to a sum of liquidated damages, which "is a genuine covenanted pre-estimate of damages," but not to a penalty, which serves to terrorize the party breaching the contract.   *See, e.g., Shields v. Early*, 95 So. 839, 841 (Miss. 1923).   When determining whether a provision in a contract constitutes a penalty or one for liquidated damages, Mississippi courts look to the parties' intentions. *Cont'l Turpentine & Rosin Co. v. Gulf Naval Stores Co.*, 142 So. 2d 200, 209 (Miss.

1962).   "Whether a sum stipulated is a penalty [a disfavored approach] or liquidated damages [an acceptable approach] is a question of construction to be decided upon the terms and inherent circumstances of each particular contract . . . ."   *PYCA Indus., Inc. v. Harrison Cty. Waste Water Mgmt. Dist.*, 177 F.3d 351, 367 (5th Cir. 1999) (quoting *Hertz Commercial Leasing Div. v. Morrison*, 567 So. 2d 832, 836 n.3 (Miss. 1990)).

Here, JNM Property claims that the terms of its lease with Affordable Care afford it the option to accelerate all rent installments due for the remaining term of the lease if Affordable Care fails to pay rent.   Answer to Am. Compl. [14] at 9. According to JNM Property, the total sum of the accelerated rent payments is $1,531,135.57.   *Id.*   Affordable Care argues that this sum does not accurately reflect the actual damages JNM Property sustained due to any purported breach of contract and, thus, it constitutes an unenforceable penalty.   Pl. Mem. [18] at 11.

At the pleading stage, JNM Property need only assert factual allegations which state a claim for relief that is plausible on its face.   *Spitzberg*, 758 F.3d at 683.   JNM Property's allegations, that Affordable Care breached the lease and that the lease provides JNM Property the option to demand accelerated rent payment as a remedy for that breach, meet this standard.   Whether or not the parties intended for the accelerated payment provision to constitute a penalty or whether it was a reasonable pre-estimate of damages are issues which go beyond the pleadings and, therefore, are not appropriate for resolution by way of a Rule 12(b)(6) dismissal.

The Court will deny Affordable Care's Motion to Dismiss JNM Property's counterclaim for accelerated rent payments.

### III. CONCLUSION

To the extent the Court has not specifically addressed any of the parties' remaining arguments, it has considered them and determined that they would not alter the result.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff/Counter-Defendant Affordable Care, LLC's Motion [16] to Partially Dismiss Defendant/Counter-Plaintiff JNM Office Property, LLC's Counterclaim [14] is **GRANTED IN PART** and **DENIED IN PART**.   Defendant/Counter-Plaintiff JNM Office Property, LLC's claim for punitive damages is **DISMISSED WITH PREJUDICE**.   The claim for accelerated rent payment will proceed.

**SO ORDERED AND ADJUDGED**, this the 24th day of June, 2020.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE