**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**


**AFFORDABLE CARE, LLC**                                                  **PLAINTIFF**


**v.**                                                  **Civil No. 1:19cv827-HSO-RPM**


**JNM OFFICE PROPERTY, LLC**                                                  **DEFENDANT**

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF
AFFORDABLE CARE LLC'S CONSOLIDATED MOTION [206] *IN LIMINE***

BEFORE THE COURT is Plaintiff Affordable Care, LLC's Consolidated

Motion [206] *in Limine*. Defendant JNM Office Property, LLC has filed a Response

[208]. After considering the pleadings on file, the record, and relevant legal

authority, the Court finds that the Motion [206] should be granted in part and

denied in part.

## I.   BACKGROUND

Plaintiff Affordable Care, LLC ("Plaintiff" or "Affordable") seeks to exclude

the following at trial:

(1) Any reference to the state court temporary restraining order;
(2) Arguments that JNM Office owns the equipment and supplies
located at 505 Cowan Road ("the Equipment");
(3) Any evidence or other references to the cost of JNM Office's defense,
the prosecution of Affordable's case and Affordable's lawyers, or
either party's comparative wealth or status;
(4) Any reference to the fact that Affordable has filed a motion *in
limine* requesting the Court to exclude any evidence at trial;
(5) Any references to any objections made by Affordable to any of JNM
Office's discovery requests, and any rulings on any motions, or any
other references to pre-trial discovery disputes;

     (6) Any reference to any settlement negotiations, offers of settlement or statements made by anyone in the course of settlement negotiations;

     (7) Any reference or argument to the absence or identity of Affordable's corporate representative; and

     (8) Any reference to other lawsuits or arbitrations against or involving Affordable, or to JNM Office's counterclaims that have been dismissed.

Mot. [206] at 1-2.

JNM Office Property, LLC ("Defendant" or "JNM") argues in its Response [208] that Affordable's first two requests, along with its last request, should be denied, and that the remainder of Affordable's requests should be held in abeyance until such evidence is offered at trial. Resp. [208] at 1-2.

## II. <u>DISCUSSION</u>

A.   <u>Any reference to the state court temporary restraining order</u>

Affordable seeks to exclude any reference to the state court temporary restraining order ("TRO"), asserting that the state court's order did not give JNM the right to violate the Joint Stipulation [13] entered into by the parties in this case. Mem. [207]. Furthermore, any mention of the TRO would confuse the jury and be irrelevant under Federal Rules of Evidence 401 and 402. *Id.* JNM responds that it would offer evidence of the TRO to show that it pursued a lawful remedy to resolve its disagreements with Affordable. Mem. [209] at 4.

The Court agrees with Affordable that the TRO would be irrelevant to the issues the jury should decide in this case. The Joint Stipulation [13] was entered into and filed in this case on December 6, 2019, before Dr. Raeline McIntyre sought

and obtained the TRO entered by the state court on February 27, 2020. Ex. [34-3].

The TRO entered by the state court provided that:

> Affordable shall not remove from the practice any equipment,
> supplies, inventory, or other materials that the Dentists use in the
> provision of dental care to their patients, and Affordable shall
> immediately take all reasonable and necessary steps to provide the
> Dentists with immediate access to their operating system in its
> entirety, including, without limitation, access to the Dentists'
> patients' medical records.

*Id.* at 11.

Affordable's wrongful eviction claim arises out of the Lease Agreement, not the violation of the Joint Stipulation, and nothing in the TRO authorized JNM or the McIntyres to restrict Affordable's access to the premises. Instead, the TRO related to efforts by Dr. Raeline McIntyre to maintain some semblance of the status quo under the Management Services Agreement ("MSA"), an entirely separate agreement that was the subject of a separate arbitration proceeding, and is not at issue in this case.

For these reasons, evidence of the TRO is not relevant to the issues the jury must resolve in this case, and such evidence is therefore inadmissible. This evidence is also inadmissible under Federal Rule of Evidence 403, because its probative value is substantially outweighed by the dangers of undue prejudice, confusing the issues, misleading the jury, undue delay, and wasting time. Fed. R. Evid. 403. This portion of Affordable's Motion [206] *in Limine* will be granted.

B.   Arguments that JNM owns the equipment and supplies located at 505 Cowan Road

Affordable argues that it owns the equipment and supplies located at 505 Cowan Road, and therefore JNM should be barred from asserting as a defense that it is the owner. Mem. [207] at 7. JNM counters that it owns the equipment and that it intends to present the arbitration award as to the MSA as proof that Affordable failed to prove ownership of the equipment. Mem. [209] at 5.

JNM's position that it owns the equipment at 505 Cowan Road is not a defense to Affordable's eviction claim; owning the equipment would not excuse an eviction from the premises. However, the question of ownership is relevant to the issue of damages, and as a contested issue of fact, it would be proper to allow evidence probative on the question of ownership.

Nevertheless, the arbitration award which JNM proposes to use as evidence of ownership is inadmissible. First, it would presumably be offered for its preclusive effect, as JNM has argued that the arbitrator has already made a finding "that Affordable failed to prove that it owned any of the equipment located in the building." Mem. [209] at 5. However, the Court previously struck JNM's Affirmative Defenses of res judicata and collateral estoppel in an Order [198] entered on February 2, 2021. Order [198] at 8-9. Thus, the arbitration award may not be utilized to establish ownership, and ownership remains an open and contested issue for trial. The arbitration award itself is not competent proof of ownership upon which JNM can rely, and it is therefore irrelevant and inadmissible.

In addition, Rule 403 allows the Court to exclude evidence when its probative value is substantially outweighed by the dangers of unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time. Here, admitting an arbitration award against Affordable involving an entirely separate agreement is likely to mislead and confuse the jury, and any probative value of the award is substantially outweighed by the danger of undue prejudice. Presumably, JNM had to present evidence of ownership to obtain a favorable ruling from the arbitrator, and it is evidence such as this that would be relevant and potentially admissible, but not the award itself. For these reasons, this portion of Affordable's Motion [206] *in limine* will be denied, but JNM will not be permitted to offer the arbitration award as evidence to prove ownership.

C.    Any evidence or other references to the cost of JNM's defense, the prosecution of Affordable's case and Affordable's lawyers, or either party's comparative wealth or status

The Court finds that evidence of this nature is irrelevant and therefore inadmissible. Even if marginally relevant, such evidence should be excluded under Rule 403 because of the substantial risks of unfair prejudice, confusion, misleading the jury, and waste of time. Affordable's Motion [206] *in limine* will be granted in this respect.

D.    Any reference to the fact that Affordable has filed a motion *in limine* requesting the Court to exclude any evidence at trial

Affordable seeks to exclude evidence that it has filed a motion *in limine* or otherwise sought to exclude evidence it believes to be inadmissible under the Federal Rules of Evidence. Mem. [207] at 8-9. Any probative value of a motion *in*

*limine* is slim at best compared with its potential prejudicial impact, and otherwise

falls within the scope of Rule 403 in that it is substantially more prejudicial than

probative and is likely to mislead and confuse the jury. This portion of Affordable's

Motion [206] *in limine* will be granted.

E.   <u>Any references to any objections made by Affordable to any of JNM Office's discovery requests, and any rulings on any motions, or any other references to pre-trial discovery disputes</u>

References to discovery disputes and the Court's rulings on pretrial motions

are not relevant or probative. To the extent these would have any probative value,

they nevertheless should be excluded under Rule 403. This portion of Affordable's

Motion [206] *in limine* will be granted.

F.   <u>Any reference to any settlement negotiations, offers of settlement or statements made by anyone in the course of settlement negotiations</u>

Affordable seeks to exclude any reference to settlement negotiations, offers of

settlement, or comments made during settlement negotiations. Mem. [207] at 9.

This evidence falls squarely within Federal Rule of Evidence 408's prohibition on

admitting compromise offers and negotiations, and Affordable's Motion [206] *in*

*limine* will be granted in this respect.

G.   <u>Any reference or argument to the absence or identity of Affordable's corporate representative</u>

The presence or existence of Affordable's corporate representative is

completely divorced from any relevant issue of fact and is otherwise subject to Rule

403. This portion of Affordable's Motion [206] *in limine* will be granted.

H.   <u>Any reference to other lawsuits or arbitrations against or involving
     Affordable, or to JNM Office's counterclaims that have been dismissed</u>

Affordable seeks to exclude any reference to other lawsuits or arbitrations

against Affordable, in addition to JNM's dismissed Counterclaims. Mem. [207] at 9-

10. JNM argues that this evidence will be used to show that Affordable breached its

MSA with a member of JNM, Dr. Raeline McIntyre. Mem. [209] at 5. However, any

breach of the MSA has no bearing on the issues in the present case, which involves

an entirely separate Lease Agreement which the Court has already concluded

remained valid and in effect. Order [200] at 2. The question for the jury is whether

JNM's conduct in preventing Affordable's access to the premises constituted a

wrongful eviction in breach of the Lease Agreement. Introducing evidence of the

MSA would also confuse the issues and mislead the jury within the meaning of Rule

403. Additionally, any evidence of other lawsuits to show litigiousness constitutes

impermissible character evidence under Federal Rule of Evidence 404(b). This

portion of Affordable's Motion [206] *in limine* will be granted.

III. CONCLUSION

Affordable's Consolidated Motion [206] *in limine* should be granted in part and denied in part. Counselors are instructed to inform their witnesses of the Court's rulings and their obligations to abide by the limitations set forth in this Order.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff Affordable Care, LLC's Consolidated Motion [206] *in Limine* is **GRANTED IN PART AND DENIED IN PART** as set forth herein.

**SO ORDERED AND ADJUDGED,** this the 31st day of January, 2022.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE