IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

AFFORDABLE CARE, LLC                                    PLAINTIFF


v.                                    Civil No. 1:19cv827-HSO-RPM


JNM OFFICE PROPERTY, LLC                                    DEFENDANT

## MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF AFFORDABLE CARE, LLC'S MOTION [231] FOR ATTORNEY FEES AND COSTS AND DENYING JNM OFFICE PROPERTY, LLC'S MOTION [234] FOR ATTORNEY FEES AND COSTS

BEFORE THE COURT is Plaintiff Affordable Care, LLC's Motion [231] for

Attorney Fees and Costs and Defendant JNM Office Property, LLC's Motion [234]

for Attorney Fees and Costs. These Motions are fully briefed. Having considered

both Motions on their merits, the related pleadings, the record, and relevant legal

authority, the Court is of the opinion that Plaintiff Affordable Care, LLC's Motion

[231] should be granted in part and denied in part, and that Defendant JNM Office

Property, LLC's Motion [234] should be denied.

## I.   BACKGROUND

A.   Factual background

This dispute arises out of a Lease Agreement ("Lease") between Plaintiff

Affordable Care, LLC ("Affordable Care" or "Plaintiff") and Defendant JNM Office

Property LLC ("JNM" or "Defendant") that was entered into on July 24, 2013, for

the lease of an office building in Gulfport, Mississippi (the "Property"). Compl. [1] at 2; Ex. [1-2] at 1-16. JNM is owned by two dentists, Dr. Raeline McIntyre and Dr. Neil McIntyre. Resp. [5] at 1. The McIntyres operated their dental practice out of the Property and also had in place a Management Services Agreement ("the MSA") with Affordable, where Affordable provided professional dental equipment, supplies, staff, and services for the McIntyres to operate their dental practice. Ex. [34-1]. The MSA is an entirely separate agreement from the Lease Agreement and was the subject of a separate arbitration proceeding. Order [214] at 3.

On October 24, 2019, JNM forwarded to Affordable a Notice of Termination of the Lease, contending that Affordable had defaulted on the Lease Agreement. *See* Compl. [1] at 4. JNM purported to invoke its right to terminate the Lease, to immediately retake possession of the Property, and to accelerate all remaining rent payments in the amount of $1,531,135.57. *See id*. On February 27, 2020, JNM obtained a temporary restraining order ("TRO") from the Chancery Court of Harrison County, Mississippi, to prevent Affordable employees from entering the Property to take possession of certain equipment, materials, supplies, and inventory located there. Ex. [34-3] at 10-11.

In this case, Affordable has claimed that JNM wrongfully restricted its employees' access to the Property despite Affordable having paid rent, in violation of the Lease Agreement, and despite it having its own dentistry equipment and supplies on the premises. Am. Compl. [160] at 10. Furthermore, Affordable has asserted that the McIntyres continued to use Affordable's equipment and occupied

the building to the exclusion of other dentists, preventing Affordable from collecting management fees from other dentists it could have placed in the Property, for a period of approximately one month. *Id.* at 11. Affordable alleged that: (1) JNM wrongly declared default under the Lease Agreement; (2) that it was entitled to reimbursement for over-payments of rent and other items; and (3) that JNM breached the Lease by wrongfully evicting Affordable. *Id.* at 5-6. It further alleged bad faith breach of contract, conversion, property damage, and unjust enrichment. *Id.* at 14. JNM asserted counterclaims for breach of the Lease Agreement and breach of the covenant of good faith and fair dealing. Ans. [161] at 11-15.

Prior to trial, both parties submitted Motions [181][183] for Partial Summary Judgment, which the Court granted in part and denied in part. Order [200]. The Court found that Affordable had not defaulted on or materially breached the Lease, and that it remained in effect, *id.*, but that Affordable was not entitled to reimbursement for any alleged overpayments of rent, *id.* The Court also dismissed JNM's breach of contract counterclaims against Affordable, finding that Affordable had not materially breached the Lease Agreement and did not breach the implied covenant of good faith and fair dealing. *Id.* The issues remaining for trial were Affordable's claims for breach based upon the wrongful eviction, bad faith breach of contract, conversion, property damage, and unjust enrichment. *Id.*

Affordable's remaining claims were tried before a jury beginning on February 7, 2022. J. [230]. At the conclusion of Affordable's case-in-chief, the Court granted in part and denied in part JNM's ore tenus Motion for Judgment as a Matter of Law

3

pursuant to Federal Rule of Civil Procedure 50(a), and dismissed Affordable's claims for property damage, unjust enrichment, and conversion. The Court denied the Motion with respect to Affordable's remaining claims for breach of contract based upon the alleged wrongful eviction.

The jury returned a verdict in Affordable's favor and awarded $80,791.00 in compensatory damages, consisting of the amount in rent paid for the month when Affordable was excluded from the property and the amount of lost management fees for that same period, plus $120,000.00 in punitive damages, for a total judgment of $200,791.00.[1]

Both parties have filed Motions [231][234] for Attorney Fees and Costs, citing Section 18 of the Lease Agreement, which states that

> [s]hould Landlord or Tenant institute any legal proceedings against the other for breach of any provisions herein contained, the prevailing party is [sic] such action shall in addition be entitled to recover its costs and expenses from the losing party including its reasonable attorney fees.

Ex. [232-1] at 12-13.

B.    The parties' Motions [231][234]

1.    Affordable's Motion [231]

Affordable asserts that it is entitled to attorneys' fees, and that JNM is not, because Affordable was the prevailing party on its claims for breach and tortious breach of contract, and because it was successful in defending JNM's counterclaims. Mem. [232] at 1. Affordable contends that "when JNM's counterclaim for breach of

---

[1] By separate Order [273], the Court reduced the award of punitive damages to $27,518.60, resulting in a total judgment of $108,309.60.

contract was dismissed with prejudice, Affordable became the prevailing party under Section 18 in JNM's claim for beach of the Lease." *Id.* at 7.

JNM responds that Affordable is only entitled to attorneys' fees it incurred prosecuting its claim that JNM wrongfully evicted Affordable and defending against JNM's counterclaim that Affordable breached the Lease by failing to pay the correct rent amount. Mem. [261] at 6. JNM argues that attorneys' fees are not properly awarded for work done at the summary judgment stage where "JNM prevailed at summary judgment on Affordable Care's claim that JNM breached the Lease by overcharging for rent in years 1 through 5." Mem. [261] at 9. Furthermore, Affordable "failed on some of its distinct claims – Affordable Care did not recover the damages of more than $300,000 it sought for rent overpayment, and it stipulated to JNM's calculation of the year 6 rent increase." *Id.* at 12. Additionally, because the Lease Agreement only provides a basis for attorneys' fees from legal proceedings based on a breach of the Lease Agreement, JNM argues that Affordable's claims for conversion, property damage, and unjust enrichment were not Lease-related claims for which an award of attorneys' fees would be appropriate. *Id.* at 15.

Turning to Affordable's invoices themselves, JNM asserts that they "contain numerous entries that cannot be allocated to those claims, entries that expressly encompass claims on which each party prevailed, and entries that reflect work on claims on which JNM prevailed." *Id.* Furthermore, some entries in the invoices do not describe with sufficient particularity whether the legal work "was in

furtherance of a claim for breach of the terms of the lease, and if so, whether it was one of the claims on which Affordable Care prevailed or the claims on which JNM prevailed." *Id.* at 13.

In addition to some tasks being described too generally, JNM asserts that the descriptions of others are too heavily redacted. *Id.* at 18. Some tasks also involved legal work for issues where both parties prevailed, such as preparing a motion where both parties' motions were granted in part, or taking depositions where the information gathered was relevant to a variety of legal work that was both successful and unsuccessful, such that Affordable should not receive attorneys' fees for these so-called "hybrid" tasks. *Id.* at 14. Finally, JNM argues that some invoices reflect that multiple attorneys completed duplicative tasks, *id.* at 22-23, or work that was not completed by attorneys, *id.* at 24.

Affordable counters that Section 18 of the Lease Agreement provides for all attorneys' fees to be recovered in any action involving a breach of the Lease, because the language does not list exceptions for certain claims, but instead refers to attorneys' fees in an action as a whole. Rebut. [267] at 4-5.

2. <u>JNM's Motion [234]</u>

JNM argues that each party in this lawsuit prevailed on some of its claims. Reply [262] at 1. According to JNM, it prevailed in its defense of Affordable's claims for breach of the implied covenant of good faith and fair dealing, as well as on its ore tenus motion under Rule 50 at trial when the Court dismissed Affordable's claims for conversion, property damage, and unjust enrichment. Mem. [235] at 2.

Affordable responds that JNM is not entitled to attorneys' fees because it did not prevail on any of its claims for breach of the Lease Agreement. Mem. [255] at 1. Affordable points out that JNM's counterclaim for breach of contract was dismissed by the Court, *id.* at 3, and that the plain language of the Lease Agreement only contemplates one "prevailing party," *id.* at 7. When the proceeding is viewed as a whole, Affordable maintains that it was clearly the prevailing party under the plain meaning of the term. *Id.* "The value and importance of the issues JNM contends it 'prevailed on,' pale in comparison with the resounding rulings in favor of Affordable." *Id.* at 8.

JNM counters that it is still entitled to attorneys' fees, because it prevailed "on Affordable Care's claims that JNM breached the lease by overcharging for rent and allegedly miscalculating the year 6 rent increase." *Id.* at 1-2. Furthermore, it claims that it was also successful on Affordable's breach claims on "the issue of the proper amount of rent owed," because Affordable ultimately conceded those claims. *Id.* at 2. JNM asserts that these are claims "related to or arising out of either parties' alleged breach of contract" and therefore an award of attorneys' fees is appropriate. *Id.* at 4-5.

## II. DISCUSSION

### A. Legal standard

Where, as here, a federal court has jurisdiction based on diversity of citizenship, state law governs the award and reasonableness of attorneys' fees. *Bank of Louisiana v. SunGard Availability Servs., L.P.*, 374 F. App'x 539, 542-43

(5th Cir. 2010). The fixing of attorneys' fees is a matter ordinarily within the sound discretion of the trial court. *Fulton v. Mississippi Farm Bureau Cas. Ins. Co.,* 105 So. 3d 331, 334 (Miss. Ct. App. 2011).

A court can award attorneys' fees under relevant statutory or contractual provisions, or where punitive damages are awarded by the jury. *Mississippi Power & Light Co. v. Cook*, 832 So. 2d 474, 486 (Miss. 2002). A contractual provision regarding the award of attorneys' fees must be enforced where its terms are clear and unambiguous. *Upchurch Plumbing, Inc. v. Greenwood Utils. Comm'n*, 964 So. 2d 1100, 1113 (Miss. 2007).

Where a prevailing plaintiff succeeds on only some of his claims for relief, a court must consider whether the plaintiff failed to prevail on claims which were unrelated to the claims on which he succeeded, and whether he achieved a level of success that makes the hours expended a satisfactory basis for making a fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). When distinctly different claims for relief based upon different facts and legal theories are brought in the same suit against the same defendant, counsel's work on one claim will be unrelated to his work on another claim. *Id.* In this scenario, work on an unsuccessful claim cannot be deemed to have been expended in pursuit of the ultimate result achieved, and no fee may be awarded for services on the unsuccessful claim. *Id.*

Conversely, when a plaintiff's claims for relief involve a common core of facts or are based on related legal theories, much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours

8

expended on a claim-by-claim basis. *Id.* at 435. The United States Supreme Court has explained that "[s]uch a lawsuit cannot be viewed as a series of discrete claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.* "There is no precise rule or formula for making these determinations. The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." *Id.* at 436-37.

B.   <u>Whether either or both of the parties are entitled to attorneys' fees</u>

JNM argues that it is entitled to attorneys' fees because it was successful in defending against some of Affordable's claims. Mem. [235] at 2. JNM cites two cases to support its position that it is entitled to recover fees on individual claims within a lawsuit. Reply [262] at 5 (citing *A & F Properties, LLC v. Lake Caroline, Inc.*, 775 So. 2d 1276, 1283 (Miss. Ct. App. 2000), and *Industrial & Mechanical Contractors of Memphis, Inc. v. Tim Mote Plumbing, LLC*, 962 So. 2d 632, 638 (Miss. Ct. App. 2007)).

In *A & F Properties,* the relevant contractual provision stated as follows:

> If it becomes necessary to insure the performance of the terms and conditions of this Contract by any party hereto having to employ an attorney, then the party admitting default, or the party adjudicated as the defaulting party by a court of competent jurisdiction, shall pay reasonable attorneys' fees and the court cost incurred, if any.

*A & F Props., LLC*, 775 So. 2d at 1283. The Mississippi Court of Appeals determined that this language permitted the parties to recover fees for prevailing on the enforcement of specific contractual provisions. *Id.* at 1282. According to the

Court of Appeals, by basing the award of attorneys' fees on the necessity "to insure the performance of the terms and conditions," the contract focused on individual claims brought over specific provisions in the contract, rather than on an award of fees to the prevailing party in the action as a whole. *Id.* at 1283.

Similarly, in *Industrial & Mechanical Contractors of Memphis*, the Mississippi Court of Appeals concluded that the attorneys' fee provision in the contract focused on individual rights under the contract, rather than on the outcome of the action as a whole, where the contract stated that

> [i]f it becomes necessary for Contractor to employ an attorney to enforce its rights against Subcontractor, Subcontractor agrees to pay a reasonable attorney's fee to such attorney plus all costs of litigation incurred by Contractor.

*Indus. & Mech. Contractors of Memphis, Inc.*, 962 So. 2d at 638. The focus was on individual rights under the contract, rather than the outcome of the case as a whole. *Id.*

The language found in the Lease Agreement here provides that

> [s]hould Landlord or Tenant institute any legal proceedings against the other for breach of any provisions herein contained, the prevailing party is [sic] such action shall in addition be entitled to recover its costs and expenses from the losing party including its reasonable attorney fees.

Ex. [232-1] at 12-13. Rather than awarding attorneys' fees to parties for enforcing specific rights or terms and conditions of the agreement, the language in the Lease Agreement speaks in terms of a prevailing party and a losing party for breach of any provision of the Lease, and focuses on an award to the "prevailing party" in "such action" as a whole. *Id.*

Because the term "action" is not defined in the Lease, the Court turns to the ordinary meaning of the word. *See Smith v. United States*, 508 U.S. 223, 229 (1993) (citing to Black's Law Dictionary to determine an undefined word's ordinary meaning). Black's Law Dictionary defines "action" as "a civil or criminal judicial proceeding." *Action, Black's Law Dictionary* (8th ed. 2004). This definition seems to refer to the proceeding as a whole and does not appear to contemplate parsing out a prevailing party as to specific aspects or issues within a proceeding. *See id.* The Lease Agreement provides that whoever prevails in "such action," in other words the lawsuit as a whole, is considered the prevailing party who shall be awarded fees from the losing party. Ex. [1-2] at 13. The plain language of this provision appears to envision that the "winner" of the "action" as a whole shall be the party entitled to an award of fees.

JNM argues that Affordable's action against it failed in several respects, and that it was the prevailing party on the issues of overpayment of rent, breach of the implied covenant of good faith and fair dealing, conversion, property damage, and unjust enrichment. Mem. [235] at 2. These were different legal theories arising out of common facts advanced within the same proceeding or action, and each sought the same or a similar desired outcome, which Affordable obtained and JNM did not. Therefore, the Court finds that Affordable was the prevailing party in the action, and as such, is the only party entitled to an award of attorneys' fees.

*Hatfield v. Deer Haven Homeowners Ass'n, Inc.*, 234 So. 3d 1269, 1276 (Miss. 2017), a more recent decision from the Mississippi Supreme court, offers some

guidance in this respect, because the contract language in that case more closely resembles that in the Lease Agreement here. *Hatfield*, 234 So. 3d at 1276. In interpreting the provision in that case, the Mississippi Supreme court reasoned that

> [t]he covenant in question provides for the "prevailing party" to recover attorney fees "[i]n any legal or equitable proceeding for the enforcement or to restrain the violation of this Declaration or any provisions hereof by reference or otherwise." As the chancellor reasoned, the Association filed an equitable action for injunctive relief to enforce the covenants by having Hatfield's birds and pens removed from the property. The Association prevailed because it had obtained that relief.

*Id.*

Just as the Association was the prevailing party because it obtained the relief it sought, here Affordable was the prevailing party, because it obtained the primary relief it sought. Affordable sought a declaratory judgment that it had not defaulted on the Lease Agreement and that it remained in effect, and it sought damages arising out of JNM's breach by way of its eviction of Affordable. Amend. Compl. [160]. Affordable obtained that relief. The Court granted Affordable's request for a declaratory judgment, Order [200] at 2, and a jury awarded Affordable damages arising out of JNM's eviction of Affordable, Verdict [224]. Conversely, JNM sought essentially to hold Affordable liable for breach of the Lease and terminate it, but JNM lost on its counterclaim. Countercl. [161] at 11-15. Affordable obtained the relief it sought and JNM did not, and thus Affordable is the prevailing party in the action as a whole under the language of the Lease Agreement. Because JNM did not prevail in the action as a whole, it is not entitled to an award of attorneys' fees.

Finally, assuming without deciding that JNM is correct that the Lease only allows for recovery on breach of contract claims, Affordable prevailed on the central relief it sought as to any breach of contract claims, and JNM did not. Thus, even under this approach, JNM is not entitled to fees.[2]

C.    Award of attorneys' fees to Affordable

1.    Lodestar calculation

In assessing a reasonable fee award, Mississippi courts begin their analysis with the "lodestar" method delineated by the United States Supreme Court in *Hensley. See Tupelo Redevelopment Agency v. Gray Corp., Inc.*, 972 So. 2d 495, 520 (Miss. 2007). At the first step of this method, the Court must calculate the "lodestar," which is equal to the number of hours reasonably expended on the litigation multiplied by the reasonable hourly rate for the participating lawyers. *Hensley*, 461 U.S. at 434; *see Tupelo Redevelopment Agency,* 972 So. 2d at 520. The resulting figure provides an objective basis upon which to make an initial assessment of the value of a lawyer's services. *Id.* The party seeking fees bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and reasonable hourly rates. *Id.* at 436. A court should exclude from this initial fee calculation hours which were not "reasonably expended." *Id.* at 434. The Supreme Court has explained that:

> [c]ases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

---

[2] Under Mississippi law, Affordable is also entitled to recover its attorneys' fees because it obtained punitive damages against JNM. *See United Am. Ins. Co. v. Merrill,* 978 So. 2d 613, 636 (Miss. 2007).

practice ethically is obligated to exclude such hours from his fee submission.

*Hensley*, 461 U.S. at 434.

In determining the lodestar, "'reasonable' hourly rates 'are to be calculated according to the prevailing market rates in the relevant community.'" *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). "[T]he burden is on the applicant to produce satisfactory evidence . . . that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* (quoting *Blum*, 465 U.S. at 896 n.11).

Once the lodestar figure is determined, Mississippi courts can adjust it based upon the twelve factors announced in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). *See Tupelo Redevelopment Agency*, 972 So. 2d at 521. Mississippi courts also consider the factors set forth at Rule 1.5 of the Mississippi Rules of Professional Conduct, and those articulated in *McKee v. McKee*, 418 So. 2d 764, 767 (Miss. 1982). *Id.* at 520-21. The Rule 1.5 and *McKee* factors are very similar to those utilized by the United States Supreme Court in *Hensley*. *Id.*

The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10)

the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Hensley*, 461 U.S. at 430 n.3 (1983) (citing *Johnson*, 488 F.2d at 717-19). The "undesirability" of the case is the only factor not contained, "in some shape, form or fashion," in the factors listed in the Mississippi Rule of Professional Conduct 1.5. *Tupelo Redevelopment Agency*, 972 So. 2d at 521. The *McKee* factors include

> the relative financial ability of the parties, the skill and standing of the attorney employed, the nature of the case and novelty and difficulty of the questions at issue, as well as the degree of responsibility involved in the management of the cause, the time and labor required, the usual and customary charge in the community, and the preclusion of other employment by the attorney due to the acceptance of the case.

*Id.* (quoting *McKee*, 418 So. 2d at 767).

The Supreme Court has cautioned, however, that the lodestar method yields a fee that is presumptively sufficient to achieve the objective of determining a reasonable fee, and this presumption is a "strong one." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010). The Supreme Court has noted that many of the *Johnson* "factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." *Hensely*, 461 U.S. at 434 n.9.

2.   <u>Affordable's evidence in support of its fee request</u>

Affordable's attorneys practice at two different firms, Lewis Brisbois and Purvis and Co., each with their own billing rates:

> Partners from Lewis Brisbois: $310 per hour;
> Partners from Purvis and Co.: $265 per hour;
> Associates from Lewis Brisbois: $250 per hour;
> Associates from Purvis and Co.: $195 per hour;

15

> Paralegals from Lewis Brisbois: $170 per hour;
> Paralegals from Purvis and Co.: $110 per hour.

Mem. [232] at 11; Ex [232-2] at 2. Affordable's submissions represent that their

counsel spent over 1,800 hours defending and prosecuting the claims in this case:

> Partners from Lewis Brisbois: 739.1 hours;
> Partners from Purvis and Co.: 166 hours;
> Associates from Lewis Brisbois: 882 hours;
> Associates from Purvis and Co.: 2 hours;
> Paralegals from Lewis Brisbois: 52.2 hours; and
> Paralegals from Purvis and Co.: .6 hour.

Mem. [232] at 12-13; Ex [232-2] at 2; Ex. [271]. Based on the foregoing, Affordable

argues that it is entitled to recover $502,941.00 in fees. Mem. [232] at 10.

Affordable's attorneys further argue that they are entitled to $24,609.05 in costs

and expenses, resulting in a total of $527,550.05 in attorneys' fees and expenses. *Id.*

Two of Affordable's attorneys have submitted declarations stating that their

firms' hourly rates are fair and reasonable given the nature and complexity of the

litigation and are considered fair and customary within the legal community of

southern Mississippi. *See* Ex. [232-2] Nancy Cundiff; Ex. [232-3] Stephen Simpson.

After reviewing the evidence presented and the record as a whole, including the

attorneys' declarations, the Court is persuaded that the hourly rates of Affordable's

attorneys are reasonable, given the complexities of this case, the experience of the

attorneys, and the other pertinent factors.

The Court has also reviewed the time sheets and other evidence submitted by

counsel and finds that the number of hours worked and tasks performed were by

and large reasonable, necessary, and well-documented, with some exceptions. The

voluminous time records submitted by Affordable for reimbursement include a number of unproductive, excessive, or redundant hours. *See* Ex. [271]. For example, some of the time records submitted to the Court include time entries for tasks solely related to the ongoing arbitration between these two parties, which was entirely separate from the present case. *See, e.g.,* Ex. [271] at 10, 19, 59, 64. Additionally, excessive amounts of time were spent drafting some motions and participating in inter-office conferences among Affordable's nine attorneys.

It is also true that Defendant's tactics in this case necessitated an extensive amount of work by Affordable's attorneys. For example, the needless violation of the Joint Stipulation [13] resulted in added motion practice in an already hard-fought, heavily litigated case, resulting in additional hours of legal work.

Having considered the submissions and relevant legal authority, the Court is of the view that it should exercise its discretion to apply a simple percentage reduction to the number of hours billed by Affordable's attorneys. *See Wiemer v. Rubino,* No. 1:16CV99-LG-RHW, 2019 WL 2461817, at *5 (S.D. Miss. June 12, 2019) (citing *L&A Contracting Co. v. Byrd Bros.*, No. 2:07cv57-DCB-JMR, 2010 WL 1223321, at *3-4 (S.D. Miss. Mar. 24, 2010); *Saizan v. Delta Concrete Prod. Co.*, 448 F.3d 795, 799 (5th Cir. 2006)). In such cases, courts have applied percentage reductions ranging from ten percent to fifty percent. *See id.* (collecting cases). Based

upon the record in this case, the Court finds that a thirty-five percent reduction is appropriate.[3]

Partners at Lewis Brisbois spent a total of 739.1 hours on this litigation. Reducing this number by thirty-five percent, the hour total after reduction is 480.415. Multiplying this figure by the reasonable hourly rate of $310.00 results in a lodestar of $148,928.65. Associates at Lewis Brisbois spent a total of 882 hours on this litigation. Reducing this number by thirty-five percent, the hour total after reduction is 573.3. Multiplying this figure by the reasonable hourly rate of $250.00 results in a lodestar of $143,325.00.

Partners at Purvis and Co. spent a total of 166 hours on this litigation. Reducing this number by thirty-five percent, the hour total after reduction is 107.9. Multiplying this figure by the reasonable hourly rate of $265.00 results in a lodestar of $28,593.50. Associates at Purvis and Co. spent a total of 2 hours on this litigation. Reducing this number by thirty-five percent, the hour total after reduction is 1.3. Multiplying this figure by the reasonable hourly rate of $195.00 results in a lodestar of $253.50.

The Court finds that the hourly paralegal rates of $170.00 at Lewis Brisbois and $110.00 at Purvis and Co. are reasonable, and that Affordable has demonstrated that all of the paralegal hours billed, totaling 52.8 hours, were reasonably expended in this litigation. The Lewis Brisbois paralegals' lodestar is

---

[3] Again, assuming without deciding that the language of the Lease only permits fees for breach of contract claims, as JNM argues, the Court finds that a thirty-five percent reduction remains appropriate.

therefore $8,874.00 and the Purvis and Co. paralegals' lodestar is $66.00, for a total lodestar for paralegal work of $8,940.00. Therefore, the total lodestar for the fees of both firms' partners, associates, and paralegals is $330,040.65.

The Court is cognizant of the fact that an award of attorneys' fees in the amount of $330,040.65 exceeds the damages awarded to Affordable by the jury in the amount of $200,791.00, as well as the reduced award of $108,309.60 imposed by this Court. However, this fact alone does not render an award excessive. *See, e.g., Penthouse Owners Ass'n, Inc. v. Certain Underwriters at Lloyd's, London*, No. 1:07CV568-HSO-RHW, 2011 WL 6699447, at *12 (S.D. Miss. Dec. 21, 2011) (citing *Northwinds Abatement, Inc. v. Emp'rs Ins. of Wausau*, 258 F.3d 345, 354–55 (5th Cir. 2001)). In this case, despite the fact that the attorneys' fees award is greater than the jury verdict in favor of Affordable at trial, this Court nevertheless finds that an award of attorneys' fees in the amount of $330,040.65 is reasonable and not excessive.

3.   Consideration of the *Johnson* factors, Rule 1.5, and *McKee*

After the lodestar is determined, the Court may adjust the fee award upward or downward applying the twelve factors articulated in *Johnson*, but "the lodestar method yields a fee that is presumptively sufficient." *Wiemer*, 2019 WL 2461817 at *5 (citing *Perdue*, 559 U.S. at 552). "[M]any of the *Johnson* 'factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate.'" *Penthouse Owners Ass'n, Inc.* WL 6699447 at *4 (quoting *Hensley*, 461 U.S. at 434 n.9). Having considered these factors, as well as those set

forth in *McKee* and at Mississippi Rule of Professional Conduct 1.5, the Court concludes that its calculated lodestar adequately accounts for any concerns and results in an appropriate fee. Under the circumstances of this case, and for the reasons stated earlier, the Court is persuaded that an award of attorneys' fees to Affordable in the amount of $330,040.65 is reasonable.

D.    Award of costs and expenses to Affordable

Affordable seeks to recover $24,609.05 in expenses. Mem. [232] at 10; Ex [232-2] at 2; Ex. [271]. Mississippi law requires courts to consider which expenses were reasonably incurred when deciding whether to impose those costs on another litigant. *BellSouth Pers. Commc'ns, LLC v. Bd. Of Sup'rs of Hinds Cnty.*, 912 So. 2d 436, 558 (Miss. 2005). The party seeking recovery of costs and expenses bears the burden of proving their amount and necessity. *See Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994).

After a careful review of the record and the submissions, the Court is persuaded that Affordable has carried its burden of demonstrating that its costs and expenses were reasonably related to its prosecution of its case. Having reviewed the costs and expenses, the Court finds that they were reasonably related and necessarily incurred, and that Affordable is entitled to recover $24,609.05 in costs and expenses. This results in a total award of attorneys' fees, costs, and expenses in the amount of $354,649.70.

III. <u>CONCLUSION</u>

To the extent the Court has not addressed any of the parties' remaining arguments, it has considered them and determined that they would not alter the result.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant JNM Office Property's Motion [234] for Attorney Fees and Costs is **DENIED.**

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff Affordable Care, LLC's Motion [231] for Attorney Fees and Costs is **GRANTED IN PART AND DENIED IN PART**, and Affordable is awarded $330,040.65 in attorneys' fees and $24,609.05 in costs and expenses, for a total award of fees, costs, and expenses in the amount of $354,649.70.

**SO ORDERED AND ADJUDGED,** this the 10th day of August, 2022.

_s/ Halil Suleyman Ozerden_
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE